CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
FEB 0 8 2006
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ESTATE OF DOROTHY L. MORRISSEY, and MICHAEL J. MORRISSEY, <br><br> Plaintiffs, <br><br> v. <br><br> ROCKINGHAM MEMORIAL HOSPITAL, DR. MCNETT, AVANTE NURSING HOME, COMMONWEALTH OF VIRGINIA, and GEORGE TIDEY <br><br> Defendants. | Civil Action No. 5:06CV00005 <br><br> **MEMORANDUM OPINION** <br><br> By: Hon. Glen E. Conrad <br> United States District Judge |

This case is before the court by transfer order from the United States District Court for the Eastern District of Virginia. The matters presently at issue are the defendants' motions to dismiss, motion for Rule 11 sanctions, motion for severance, and motion to transfer venue. The plaintiff has not made a timely response to these motions, and the defendants have expressed their desire for the court to rule based on the arguments presented in their briefs. For the reasons stated below, the motions to dismiss will be granted. The motion for sanctions will be denied. The motions for severance and transfer of venue will be dismissed as moot in light of the court's decision regarding the motions to dismiss.

**Factual and Procedural Background**

On May 21, 2000, Dorothy Morrissey passed away at Rockingham Memorial Hospital in Harrisonburg, Virginia. She was survived by plaintiff Michael J. Morrissey, who commenced this suit in the Eastern District of Virginia, Norfolk Division, on May 23, 2005. Morrissey also brought this suit on behalf of Mrs. Morrissey's estate. The defendants currently involved in this case are Rockingham Memorial Hospital, Dr. McNett, Avante Nursing Home, the

Commonwealth of Virginia, and The Honorable George Tidey. Defendant Linda Jennings was dismissed from the case prior to the transfer to this district.

## Discussion

Plaintiff Morrissey brought this action, and at least one prior state court action, in the wake of his mother's death. Although this episode of his life was undoubtedly a painful one, Morrissey's response, as illustrated by his persistent court filings, fails to commemorate his mother's passing in a manner commensurate with her surely dignified life. The court system, as Morrissey knows, is simply not the appropriate arena in which to address personal grief.

Plaintiff's allegations encompass both federal and state law claims. For the following reasons, the federal claims must be dismissed. Subsequent to the dismissal of the federal claims, the court will decline to exercise supplemental jurisdiction over the state law claims and will dismiss them without prejudice as to defendants Rockingham Memorial Hospital, Avante Nursing Home, and Dr. McNett. 28 U.S.C. § 1367(c)(3). The claims against the Commonwealth of Virginia and Judge Tidey will be dismissed with prejudice under the Eleventh Amendment and the doctrine of absolute judicial immunity, respectively.

### *Claims Brought in the Name of the Estate*

Defendants Rockingham Memorial Hospital, Avante Nursing Home, and Dr. McNett move to dismiss the claims of the plaintiff estate on the grounds that the estate is unable to bring suit. The defendants' argument that the court should dismiss the complaint for failure to state a claim is partially premised on a requirement of the Virginia Wrongful Death Act, which mandates that such actions be brought by and in the name of the personal representative of the decedent. VA. CODE ANN. § 8.01-50(B). Moreover, when a party who is entitled to bring a personal action dies before filing suit, the Code of Virginia requires that the decedent's personal

2

representative bring the action. VA. CODE ANN. § 8.01-229(B). The defendants are correct that the Estate of Dorothy L. Morrissey is ineligible to maintain a lawsuit in Virginia. Rennolds v. Williams, 147 Va. 196, 198, 136 S.E. 587 (1927) ("All suits and actions must be prosecuted by and against living parties, in either an individual or representative capacity."); see also Swann v. Marks, 252 Va. 181, 184, 476 S.E. 2d 170 (1996). Therefore, those counts brought in the name of the Estate of Dorothy L. Morrissey will be dismissed for failure to state a claim because the plaintiff lacks standing.[1]

### *Claim for Violation of 42 U.S.C. § 1983*

Morrissey alleges that defendants Judge Tidey and the Commonwealth of Virginia violated his civil rights by "wrongfully exerting control, in the form of a guardianship, over Mrs. Morrissey to the exclusion of her family." Complaint, at 6. As to Count I, the defendants correctly state that the period of limitation for a claim under 42 U.S.C. § 1983 is two years, based on Virginia's residual statute of limitations. VA. CODE ANN. § 8.01-243(A). Morrissey filed a complaint including an individual claim under § 1983 in the Circuit Court of the City of Richmond on May 20, 2002, one day before the statute of limitations expired. That action was dismissed by the same Court on August 28, 2003, but Morrissey failed to refile in a timely fashion, thus allowing the statute of limitations to expire as to that Count. Consequently, the assertion of the claim in this case is untimely.

---

[1] This should come as no great surprise to the plaintiff. The Circuit Court for the City of Richmond previously issued a substantially similar ruling. Estate of Morrissey v. Benjamin, 64 Va. Cir. 334, 2004 WL 764390, at *3 (Va. Cir. Ct. 2004).

3

In addition, the claimed violation of § 1983 does not state a valid claim for relief. As the United States Supreme Court held,

> To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.

Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S. Ct. 977 (1999). The statute itself requires the plaintiff to prove that: "(1) a person (2) acting under color of state law (3) subjected the plaintiff or caused the plaintiff to be subjected (4) to the deprivation of a right secured by the Constitution or laws of the United States." Oklahoma City v. Tuttle, 471 U.S. 808, 829, 105 S. Ct. 2427 (1985) (Brennan, J., concurring in part). The plaintiff makes a blanket allegation that the defendants deprived Dorothy Morrissey of her civil rights. With respect to the wrongs done to him, the plaintiff alleges only that he "will forever continue to suffer permanent damages and severe pain from defendant's [sic] conduct." Complaint, at 6. This is merely a conclusory statement that does not plead sufficient facts to support a constitutional violation.

The plaintiff further fails to state that the defendants were acting under color of state law when they allegedly deprived either the plaintiff or his mother of constitutional rights. This deficiency renders his claim under § 1983 noncognizable.

***Claim for Violation of the Americans With Disabilities Act***

In Count II, the plaintiff alleges that defendants Judge Tidey and the Commonwealth of Virginia violated the Americans with Disabilities (ADA) Act by acting and failing to act "so to make [Dorothy Morrissey's temporary disability following her hip replacement surgery] permanent and thereafter violated [the ADA] by subjecting Mrs. Morrissey to not just treatment in violation of the Act, but with a brutality that led to an isolated confinement." Complaint, at 7.

4

Count II runs afoul of the statute of limitations. Titles II and III[2] of the Americans with Disabilities Act do not contain an express statute of limitations, however, where no limitations period is specified, "42 U.S.C. § 1988(a) provides for the selection of an appropriate common-law statute of limitations, which is most applicable to the federal action." Wolsky v. Med. Coll. of Hampton Roads, 1 F.3d 222, 223 (4th Cir. 1993). Many courts have applied the statute of limitations for personal injury to suits arising under Title II or III. See, e.g., Everett v. Cobb County Sch. Dist., 138 F.3d 1407 (11th Cir. 1998) ("Most civil rights actions are essentially claims to vindicate injuries to personal rights."), citing Wilson v. Garcia, 471 U.S. 261, 266-67, 105 S. Ct. 1938 (1985); Roe v. County Comm'n of Monongalia County, 926 F. Supp. 74 (N.D. W.Va. 1996); Kohler v. Shenasky, 914 F. Supp. 1206 (D. Md. 1995). The plaintiff has failed to allege facts consistent with a violation of any provision of the ADA, but even assuming that he has, the allegations are of an injury that is entirely personal in nature. Thus, the residual two-year statute of limitations for personal injury is applicable, and the claim under the ADA is barred as untimely filed. See VA. CODE ANN. § 8.01-243(A).

As with the claim for a violation of § 1983, the claim under the ADA also fails to state a cognizable claim. The plaintiff's allegations that Dorothy Morrissey suffered a hip problem that was either inadequately or inappropriately addressed by the defendants is simply insufficient to state a claim under the ADA. A prima facie case under Title II requires a showing:

> (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of his disability.

---

[2] Title I does not apply to this action, as it is concerned with employment discrimination and Morrissey has alleged no facts to show that an employment relationship existed. 42 U.S.C. § 12112.

5

Case 5:06-cv-00005-GEC Document 35 Filed 02/08/06 Page 5 of 10 Pageid#: 424

Spencer v. Easter, 109 Fed. Appx. 571, 573 (4th Cir. 2004) (unpublished), *citing* Baird v. Rose, 192 F.3d 462, 467 (4th Cir. 1999). The plaintiff has not pled sufficient facts to suggest that Dorothy Morrissey was a qualified individual with a disability, that she was discriminated against, or that she suffered discrimination because of her disability. Indeed, as the United States Court of Appeals for the Fourth Circuit explained, "a temporary impairment, *such as recuperation from surgery*, will generally not qualify as a disability under the ADA." Pollard v. High's of Baltimore, Inc., 281 F.3d 462, 468 (4th Cir. 2002) (emphasis added). Thus, the complaint fails to state a claim for relief under Title II of the ADA.

Title III of the ADA prohibits discrimination by places of public accommodation. 42 U.S.C. § 12182. Although private hospitals are included in the statutory list of covered public accommodations, individual judges and states are not. See 42 U.S.C. § 12181(7)(F). Thus, the complaint fails to state a claim against Judge Tidey or the Commonwealth. Defendants Rockingham and Avante may be places of public accommodation, but the complaint does not indicate that they engaged in any discriminatory acts. The complaint therefore fails to state a claim under Title III of the ADA.

### *Claim for Medicare and Medicaid Fraud*

Plaintiff alleges in Count III that the defendants acted individually and in concert with others to deny Dorothy Morrissey her rights under the Medicare and Medicaid programs. The plaintiff claims that the defendants billed for services that were not performed or were performed inadequately. He further alleges that the defendants knew that Dorothy Morrissey did not qualify for Medicaid and acted to conceal this fact.

The defendants' rejoinders to this claim are that the plaintiff has not shown that he has standing to bring a suit under the False Claims Act and, in the alternative, that the applicable

6

Medicare and Medicaid statutes do not provide a private right of action. Dr. McNett notes that the plaintiff has not complied with the procedural requirements in 31 U.S.C. § 3730(b), and thus has not properly filed a claim under the False Claims Act. Moreover, a pro se relator may not represent a third party in a *qui tam* action. See U.S. ex rel. Schwartz v. TRW Inc., 118 F. Supp. 2d 991 (C.D. Cal. 2000) (pro se litigant may not represent the United States).

Avante states that there is no statutory right of action for Morrissey and, even if there were, it would be barred under the two-year statute of limitations for fraud claims. The court agrees that the principal obstacle for Morrissey is the lack of a statutory cause of action. See 42 U.S.C. § 1320a-7a(c) (stating that the *Secretary* may initiate proceedings to impose civil monetary penalties). The court is unaware of any federal statute that confers standing upon a personal representative to bring a claim for Medicare or Medicaid fraud. Thus, the plaintiff lacks standing to bring this claim.

### *Claim for Violation of the RICO Statute*

Count IV alleges a violation of the Racketeer Influenced and Corrupt Organizations (RICO) Act by defendants Judge Tidey, the Commonwealth of Virginia, and others. 18 U.S.C. § 1961 et seq. The United States Supreme Court has established a four-year statute of limitations for civil RICO violations. See Agency Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143, 156, 107 S. Ct. 2759 (1987). The Court has declined to enunciate a rule regarding precisely when the cause of action accrues, however, the time of the discovery of the injury seems a likely candidate, see Rotella v. Wood, 528 U.S. 549, 553-54, 120 S. Ct. 1075 (2000), and the United States Court of Appeals for the Fourth Circuit has so held. Potomac Elec. Power Co. v. Elec. Motor and Supply, Inc., 262 F.3d 260, 266 (4th Cir. 2001). Therefore, the limitations period

began no later than when Dorothy Morrissey died and it expired four years later, no later than May 21, 2004. The plaintiff's filing was therefore untimely.

In any event, the plaintiff has also failed to state a cognizable claim under the RICO statute. In order for a private person to bring a civil suit in district court, such person must have been injured in his or her "business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c). The plaintiff alleges only that the defendants "did act unlawfully and illegally in falsely imprisoning plaintiffs in violation of criminal statutes, did act to deprive both plaintiffs of their rights in real estate property in violation of criminal states, [and] did take and steal ... their personal property including their familial property rights of their family bond." Complaint, at 8. False imprisonment is not listed as a "racketeering activity" under § 1961(1), and therefore is not prohibited by § 1962. See Bast v. Cohen, Dunn & Sinclair, PC, 59 F.3d 492, 495-96 (4th Cir. 1995) (noting that dismissal is required where the plaintiff fails to allege an injury to business or property that was proximately caused by the alleged racketeering activity). Consequently, the plaintiff's alleged injuries were not suffered by reason of a violation of § 1962, and the claim will be dismissed.

### *Claims Against the Commonwealth of Virginia*

In addition to the foregoing reasons, the claims against the Commonwealth of Virginia, with the exception of the claims under the ADA, must be dismissed by operation of the Eleventh Amendment. See Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363, 121 S. Ct. 955 (2001) ("our cases have extended the Amendment's applicability to suits by citizens against their own States"). The ADA claims against the Commonwealth will be dismissed for the reasons stated above.

### *Claims Against The Honorable George F. Tidey*

Judge Tidey was a sitting judge in the Circuit Court for Henrico County, and is thereby entitled to absolute judicial immunity for all acts done within his jurisdictional purview. See Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S. Ct. 1099 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"); Bradley v. Fisher, 80 U.S. 335, 347 (1871) ("For it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."). The complaint does not allege actions by Judge Tidey outside the scope of his role as a member of the judiciary and, therefore, the complaint must be dismissed as to him for this reason, in addition to those stated above.

### *Claims Under State Law*

The claims for violation of the Virginia Tort Claims Act, assault and battery, damage to property, deprivation of property, conspiracy to commit medical malpractice, fraud and misrepresentation, wrongful death, breach of trust and fiduciary duty, defamation, breach of contract, and negligence are all governed by Virginia law. Jurisdiction over these claims in this court can only be predicated on 28 U.S.C. § 1367(a), as there are no allegations of diversity jurisdiction and none seems to be appropriate. Inasmuch as all federal claims will be dismissed, the court declines to exercise jurisdiction over the supplemental state law claims. 18 U.S.C. § 1367(c)(3).

## Conclusion

For the reasons stated above, the motions to dismiss will be granted and the complaint will be dismissed as to all of the defendants.

DATED this 7th day of February, 2006.

                                                                   [signature]
United States District Judge